Hahn Loeser & Parks LLP
MICHAEL J. GLEASON (SBN 279434)
IAN PIKE (SBN 329183)
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
mgleason@hahnlaw.com
ipike@hahnlaw.com

Jackson Walker LLP
JOHN M. JACKSON (Texas SBN 24002340)
(*admitted pro hac vice*)
SHANNON M. WRIGHT (Texas SBN 24131783)
(*admitted pro hac vice*)
2323 Ross Ave Suite 600
Dallas, Texas 75201
Tel: (214) 953-6000
Fax: (214) 953-5822
jjackson@jw.com
swright@jw.com

*Attorneys for Defendant FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA*

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA and GOOGLE LLC,<br><br>Defendants. | **Case No. 3:25-cv-02383-JES-VET**<br><br>**DEFENDANT FORUM HEALTH & PERSONAL CARE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. James E. Simmons, Jr<br>Magistrate Judge: Hon. Valerie E. Torres<br><br>Courtroom: 4B<br>Hearing Date: January 7, 2026 at 10:00 am |

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Forum Health & Personal Care LLC d/b/a LOLA ("LOLA") will move and hereby moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). A hearing has been set on January 7, 2026 at 10:00 a.m. for this motion before the Honorable James E. Simmons, Jr., United States District Court for the Southern District of California, Courtroom 4B, 221 West Broadway, San Diego, CA 92101.

This Motion is made on the grounds that Plaintiffs fail to state a claim on which relief can be granted against LOLA for each alleged claim.

The motion is based on this notice and motion, the accompanying memorandum of points and authorities, all pleadings and documents on file in this matter, including any response that Plaintiffs may file and any reply that LOLA may file, and such oral or written evidence or argument as may be presented in connection with this motion.

DATED: October 28, 2025

HAHN LOESER & PARKS LLP

By: */s/ Ian Pike*

MICHAEL J. GLEASON (SBN 279434)
IAN PIKE (SBN 329183)
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
mgleason@hahnlaw.com
ipike@hahnlaw.com

By: *<u>/s/ John M. Jackson</u>*
Jackson Walker LLP
JOHN M. JACKSON (TX SBN 24002340)
(*admitted pro hac vice*)
SHANNON M. WRIGHT (TX SBN 24131783)
(*admitted pro hac vice*)
2323 Ross Ave Suite 600
Dallas, Texas 75201
Tel: (214) 953-6000
Fax: (214) 953-5822
jjackson@jw.com
swright@jw.com

*Attorneys for Defendant FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA*

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. BACKGROUND AND FACTUAL ALLEGATIONS ........ 1

III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER 12(b)(6) ........ 4

- A. Plaintiffs Fail to State a Claim for Alleged Violation of California Penal Code Section 631. ........ 4
  - i. Clause 1 does not apply to internet communications. ........ 6
  - ii. Clause 2 does not apply to LOLA as the intended recipient of Plaintiffs' "communications." ........ 7
  - iii. Clause 3 does not apply to LOLA because Plaintiffs fail to allege an underlying claim under Clauses 1 or 2. ........ 7
  - iv. Clause 4 does not apply absent an underlying claim under the other clauses, which Plaintiffs fail to allege. ........ 8
- B. Plaintiffs Fail to State a Claim for Alleged Violation of California Penal Code Section 632. ........ 11
  - i. Plaintiffs do not allege recording or eavesdropping by LOLA ........ 13
  - ii. Plaintiffs' searches for tampons in a store that sells them were not "confidential" communications with a reasonable expectation of privacy. ........ 13

IV. CONCLUSION ........ 15

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Benavidez v. Cnty. of San Diego*,
993 F.3d 1134 (9th Cir. 2021)....................4

*Crano v. Sojern, Inc.*,
No. 3:25-CV-02600-JSC, 2025 WL 2689267 (N.D. Cal. Sept. 19, 2025)....................9

*Flanagan v. Flanagan*,
41 P.3d 575 (Cal. 2002)....................11

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021)....................5

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023)....................11, 12, 13, 14

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020)....................11

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023)....................5, 6, 8

*Licea v. Vitacost.com, Inc.*,
683 F. Supp. 3d 1118 (S.D. Cal. 2023)....................5, 7

*M.G. v. Therapymatch, Inc.*,
No. 23-CV-04422-AMO, 2024 WL 4219992 (N.D. Cal. Sept. 16, 2024)....................14

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)....................11, 13

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009)....................4, 6, 12

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) .......... 14

*Revitch v. New Moosejaw, LLC*,
No. 18-CV-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 9, 14

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 6, 10, 12, 13, 15

*Thomasson v. GC Servs. Ltd. P'ship*,
321 F. App'x 557 (9th Cir. 2008) .......... 11, 13

*Torres v. Prudential Fin., Inc.*,
No. 22-CV-07465, 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .......... 9

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) .......... 8, 9

*Weiner v. ARS Nat'l Servs., Inc.*,
887 F. Supp. 2d 1029 (S.D. Cal. 2012) .......... 11

**Statutes**

Cal. Penal Code § 631 .......... 4, 5, 6, 7, 8, 9, 10, 11

Cal. Penal Code § 632 .......... 4, 10, 11, 12, 13, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 4, 10, 15

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This purported class action complains that two innocuous online product searches for tampons at an online retailer somehow became "confidential communications" that were "wiretapped" by the website's use of analytics, entitling the anonymous plaintiffs and an unenumerated class to thousands of dollars each.

Plaintiffs are not only over their skis on the law, they also fall short of their burden to state a cognizable claim on the facts. For these reasons, Defendant Forum Health & Personal Care, LLC d/b/a LOLA ("LOLA") asks the Court to dismiss Plaintiffs' claims against it with prejudice.

## II. BACKGROUND AND FACTUAL ALLEGATIONS

LOLA was founded by women with a focus on selling personal hygiene, wellness, and related products made from healthier, cleaner ingredients. LOLA's products are sold online through its website, mylola.com (the "Website"), and through retailers.[1]

Plaintiffs Jane Doe 1 and Jane Doe 2 are purported consumers who claim they visited the Website eight months ago, both while living in California.[2] (Dkt. 1 ¶¶ 7, 11 (Fig. 1 & 2).)

---

[1] *About Us*, LOLA, https://mylola.com/pages/about (last visited Oct. 21, 2025).

[2] Though Plaintiffs appear to live hundreds of miles apart and claim not to have known that their "confidential communications" were allegedly "intercepted" until they retained counsel, they also claim to have visited the Website on back-to-back days in February 2025 and taken identical screenshots of those visits. (*See* Dkt. 1 ¶¶ 6, 7 &

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

While visiting the website, Plaintiffs claim to have searched for similar personal hygiene products: "tampon subscription" and "organic tampons."[3] (*Id.* ¶¶ 8, 12.) Plaintiffs claim that these innocuous search terms were "confidential communications" with LOLA that were "intercepted" by Defendant Google LLC ("Google") without their consent by virtue of a URL created by the Website. (*Id.* ¶¶ 20, 33, 37.) By way of simple illustration, here is what Plaintiffs allege occurred:

**Plaintiff 1 searches for "tampon subscription" in the search bar (*id.* ¶ 8)**




fig. 1, 8, 10, 11 & fig. 2, 12.) These coincidences raise questions as to whether Plaintiffs are "testers," rather than actual consumers.

[3] Despite the Complaint's multiple references to condoms and vibrators, neither Plaintiff claims to have searched for these products. (*See id.* ¶¶ 33–34.)

**Plaintiff 1's search creates a URL, which Google "collects" (*id.* ¶ 33)**




According to Plaintiffs, Google "has the capability to use such information for its own purposes" (*id.* ¶¶ 27, 31)—though Plaintiffs do not allege *any* facts indicating that Google has done so here. Instead, Plaintiffs conclude that Google used this search information "in order to provide advertising services to Lola." (*Id.* ¶ 26.)

Plaintiffs do not allege that this limited search information was in any way connected to them. It was not. LOLA's instance of Google Analytics does not collect IP addresses from visitors to the Website.[4] And Plaintiffs do not allege that they provided LOLA with their name, email address, or any other personally identifiable information.

[4] *See Privacy Controls in Google Analytics*, Google, https://support.google.com/analytics/answer/9019185?hl=en (last visited Oct. 21, 2025) ("In Google Analytics 4, IP masking is not necessary since IP addresses are not logged or stored."). This means that it will not be possible, as Plaintiffs claim, to "readily identif[y]" alleged class members from LOLA's records. (Dkt. 1 ¶ 45.)

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Plaintiffs assert just two claims against both LOLA and Google: alleged violation of California Penal Code sections 631 and 632. (Dkt. 1 ¶¶ 51–52, 63–64.)

## III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER 12(B)(6)

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007) (explaining that a "wholly conclusory statement of claim" cannot survive a motion to dismiss because the complaint must provide the factual "grounds" on which the claim rests); Fed. R. Civ. P. 12(b)(6). "[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'" do not suffice. *Moss*, 572 F.3d at 969 (second and third alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). "Thus, 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.'" *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

### A. Plaintiffs Fail to State a Claim for Alleged Violation of California Penal Code Section 631.

Plaintiffs claim a violation of California Penal Code section 631(a), but their non-conclusory factual allegations fail to plausibly suggest a claim entitling them to relief. *See* Cal. Penal Code § 631(a). Section 631(a) contains four separate clauses, as illustrated in the Complaint. (*See* Dkt. 1 ¶ 52.)

> **Clause 1:** intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system;
>
> **Clause 2:** willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state;
>
> **Clause 3:** uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;
>
> **Clause 4:** aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

Cal. Penal Code § 631(a).

The first three clauses address affirmative conduct, while the fourth clause addresses conduct aiding a third party. *See id.* Parties to communications under section 631(a) cannot be held liable for wiretapping or recording those communications. *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1121–22 (S.D. Cal. 2023) (collecting cases). Nor are parties held liable under section 631(a) when they employ third parties to record, analyze, or use communications on their behalf. *Vitacost.com*, 683 F. Supp. 3d at 1122–23; *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1082–83 (C.D. Cal. 2023) (collecting cases); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832–33 (N.D. Cal. 2021).

Clause 1 applies only to telegraphic or telephonic communications, not communications over the internet. *Am. Eagle Outfitters*, 659 F. Supp. 3d at 1079–81

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

(collecting cases). And Clause 4 requires "requires both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942–43 (N.D. Cal. 2024).

Plaintiffs' general pleadings in paragraphs 54 through 61 are insufficient to state a claim because they merely recite the elements of Plaintiffs' claim in conclusory form. *See Moss*, 572 F.3d at 969.

Setting aside Plaintiffs' formulaic recitations and focusing on the factual allegations, Plaintiffs fail to state a claim against LOLA under any of these four clauses.

**i. Clause 1 does not apply to internet communications.**

Plaintiffs fail to state a claim against LOLA under Clause 1 of section 631(a). Clause 1 addresses wiretapping. It specifically refers to a person who "intentionally taps, or makes any unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument." Cal. Penal Code § 631(a). This clause *only* applies to telegraphic or telephonic communications, not web communications. *See* Cal. Penal Code § 631(a); *Am. Eagle*, 659 F. Supp. 3d at 1079–80.

This is not a wiretapping case. Plaintiffs do not allege that LOLA (or Google) made any unauthorized connection with any telegraph or telephone wire, line, cable, or instrument. Plaintiffs fail to state a claim against LOLA under Clause 1.

**ii. Clause 2 does not apply to LOLA as the intended recipient of Plaintiffs' "communications."**

Plaintiffs also fail to state a claim against LOLA under Clause 2 because LOLA was the intended recipient of Plaintiffs' searches. (*See* Dkt. 1 ¶¶ 10, 12.) Clause 2 addresses eavesdropping. Parties to communications cannot eavesdrop on those conversations. *Vitacost.com*, 683 F. Supp. 3d at 1121 ("A party to a conversation—whether face-to-face, or through sounds or typed characters transmitted over some medium—is not *listening in* to a conversation; instead, the party is *having* a conversation."). Nor can a party to a conversation be held liable under section 631 for recording its own conversation. *Id.* at 1121–22 (collecting cases).

As the intended recipient of Plaintiffs' searches, LOLA can read or learn the contents of these searches, or even record those contents, and cannot be held liable for doing so under Clause 2 of section 631(a). *See id.*

**iii. Clause 3 does not apply to LOLA because Plaintiffs fail to allege an underlying claim under Clauses 1 or 2.**

For these same reasons, LOLA could not have violated Clause 3, which refers back to "information so obtained" through either Clause 1 or Clause 2. *See* Cal. Penal Code § 631(a). Because Plaintiffs fail to state a claim against LOLA under Clause 1 or Clause 2, there can be no "information so obtained" that LOLA could have used, or attempted to use, in violation of Clause 3.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**iv. Clause 4 does not apply absent an underlying claim under the other clauses, which Plaintiffs fail to allege.**

Plaintiffs similarly fail to state a claim against LOLA under Clause 4. For Clause 4, not only must Plaintiffs plausibly allege cognizable underlying claims against Google under Clauses 1, 2, or 3, they *also* must plausibly allege that LOLA aided, agreed with, employed, or conspired with Google to unlawfully violate the statute. *See* Cal. Penal Code § 631(a). This they fail to do.

**(1) Plaintiffs fail to allege an underlying claim under Clause 1, which does not apply to internet communications.**

LOLA could not have aided Google in violating Clause 1 because, again, the wiretapping clause only applies to telegraphic or telephonic communications, not internet communications with the Website like those claimed here. *See* Cal. Penal Code § 631(a); *Am. Eagle*, 659 F. Supp. 3d at 1079–80.

**(2) Plaintiffs fail to allege an underlying claim under Clause 2 because they do not allege any interception "while in transit."**

LOLA also could not have aided Google in violating Clause 2, which requires that communications be intercepted "while . . . in transit." *See* Cal. Penal Code § 631(a). The timing requirement is critical. *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) ("'While' is the key word here.").

Plaintiffs claim that they entered searches in LOLA's website that then generated URLs containing the search terms. (*See* Dkt. 1 ¶¶ 10, 12, 33.) Plaintiffs claim that

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Google then "collects the URL for the page the user is accessing from the Website." (*See id.* ¶ 33 & fig. 3.)[5]

In other words, taking Plaintiffs' factual allegations as true, what Google "intercepts" is the URL created by the Website *after* receiving Plaintiffs' search terms, *not* the search terms themselves as they are transmitted to LOLA. Because Plaintiffs do not plausibly allege that Google "intercepted" their search terms *while in transit*, Google could not have violated Clause 2. *See Valenzuela*, 674 F. Supp. 3d at 758; *Crano v. Sojern, Inc.*, No. 3:25-CV-02600-JSC, 2025 WL 2689267, at *7 (N.D. Cal. Sept. 19, 2025) (dismissing claims that similarly alleged re-direction after receipt); *Torres v. Prudential Fin., Inc.*, No. 22-CV-07465, 2025 WL 1135088, at *5–7 (N.D. Cal. Apr. 17, 2025) (granting summary judgment for defendant on similar grounds); *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019) (agreeing that it would not violate section 631(a) to "creat[e] a record of [the plaintiff's] communications and then later transmit[] that record to" a third party). And because Plaintiffs fail to allege a plausible claim against Google under Clause 2, they also fail to allege a plausible claim that LOLA aided Google in violating that clause.

[5] Plaintiffs' Figure 4 is irrelevant because it refers to items added to a user's shopping cart, and neither Plaintiff claims to have added items to a shopping cart. (*Compare* Dkt. 1 ¶ 34 & fig. 4, *with id.* ¶¶ 8, 12.) Nevertheless, Plaintiffs' Figure 4 *also* shows that Plaintiffs allege Google "intercepted" the URL created by the Website *after* the user adds an item to their cart.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**(3) Plaintiffs fail to allege an underlying claim under Clause 3, which depends on stating a claim under Clauses 1 or 2.**

For these same reasons, LOLA could not have aided Google in violating Clause 3, which refers back to "information so obtained" through either Clause 1 or Clause 2. *See* Cal. Penal Code § 631(a). As discussed, because LOLA could not have aided Google in violating either Clause 1 or Clause 2, there can be no "information so obtained" that Google could have used, or attempted to use, in violation of Clause 3.

**(4) Plaintiffs fail to allege the requisite knowledge under Clause 4.**

In addition to these deficiencies, Plaintiffs have not alleged that LOLA had knowledge of conduct by Google that would violate the statute and a purpose of aiding, agreeing with, or employing Google to commit those acts. Plaintiffs only allege that Google used information from the Website for LOLA's own business purposes. (Dkt. 1 ¶ 26.) This is insufficient to meet section 631(a)'s knowledge requirement to impose liability under Clause 4. *See Smith*, 754 F. Supp. 3d at 942–43. Thus, even if Plaintiffs *had* plausibly alleged cognizable claims against Google (as above, they have not), Plaintiffs have *not* plausibly alleged that LOLA had the requisite knowledge to impose liability under Clause 4.

* * * *

In sum, Plaintiffs fail to plead a cognizable cause of action against LOLA under section 631(a). This claim must be dismissed under Rule 12(b)(6).

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**B. Plaintiffs Fail to State a Claim for Alleged Violation of California Penal Code Section 632.**

Plaintiffs also claim a violation of California Penal Code section 632(a). *See* Cal. Penal Code § 632(a).

But once again, their non-conclusory factual allegations fail to plausibly suggest a claim entitling them to relief. Section 632(a) bars using an amplifying or recording device to eavesdrop on or record confidential communications without the consent of all parties. *See id.* Only a third party can eavesdrop within the meaning of section 632(a). *Thomasson v. GC Servs. Ltd. P'ship*, 321 F. App'x 557, 559 (9th Cir. 2008).

Further, unlike section 631(a), only *confidential* communications are protected under section 632(a). *Compare id.* § 631(a), *with id.* § 632(a). A communication is confidential "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 41 P.3d 575, 582 (Cal. 2002). This test is objective, not subjective, and based on the surrounding circumstances. *Weiner v. ARS Nat'l Servs., Inc.*, 887 F. Supp. 2d 1029, 1032–33 (S.D. Cal. 2012). For example, parties do not have objectively reasonable expectations of privacy in their generalized location, nor in short communications where the plaintiff does not disclose personal information. *See Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1993 (N.D. Cal. 2020); *Weiner*, 887 F. Supp. 2d at 1033.

"California courts have generally applied 'a presumption that Internet communications do not reasonably give rise to' an objectively reasonable expectation that the conversation is not being overheard or recorded." *Greenley v. Kochava, Inc.*,

684 F. Supp. 3d 1024, 1052 (S.D. Cal. 2023) (quoting *Revitch*, 2019 WL 5485330, at *3). Plaintiffs bear the burden to plead "something unique about the[ir] particular internet communications which justif[ies] departing from the presumption." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 798–99 (N.D. Cal. 2022). The *Greenley* court rejected any inference of a reasonable expectation of privacy in "'search terms' and other communications" related to the plaintiff's "personal characteristics, mode of living, purchase decisions, personal choices, app selections, spending habits, and click choices, among others." *Greenley*, 684 F. Supp. 3d at 1052–53.

Also unlike section 631(a), section 632(a) does not explicitly provide for derivative liability. *See id.* § 632(a). Elsewhere in the Penal Code, derivative liability can be imposed for anyone who "aid[s] and abet[s]" in the commission of a violation. *See Smith*, 754 F. Supp. 3d at 944 (citing Cal. Penal Code § 31). Aiding and abetting requires either knowledge of the improper purpose coupled with substantial assistance or encouragement, or substantial assistance and an independent breach of a duty. *See id.*

Plaintiffs' general pleadings in paragraphs 66 through 70 are insufficient to state a claim because they merely recite the elements of Plaintiffs' claim in conclusory form. *See Moss*, 572 F.3d at 969. Focusing on the factual allegations, Plaintiffs fail to state a claim against LOLA under section 632(a).

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**i. Plaintiffs do not allege recording or eavesdropping by LOLA.**

Plaintiffs fail to state a claim against LOLA for recording or eavesdropping under section 632(a). Plaintiffs only allege that Google (not LOLA) eavesdropped and/or recorded their communications. (Dkt. 1 ¶ 67.) Further, for the same reasons discussed above, as a matter of law, LOLA cannot eavesdrop on communications that Plaintiffs intentionally sent to LOLA. *See Thomasson*, 321 F. App'x at 559.

Nor have Plaintiffs stated a claim against LOLA for aiding and abetting alleged eavesdropping or recording by Google. Plaintiffs have not stated any facts indicating that Google eavesdropped on or recorded Plaintiffs' searches at all—merely that Google was able to read a URL generated by the Website *after* Plaintiffs entered search terms. (*See* Dkt. 1 ¶ 33.) And Plaintiffs have not stated any facts indicating that LOLA (1) knew that Google's alleged conduct violated the statute and (2) provided substantial assistance or encouragement despite that knowledge. *See YETI Coolers*, 754 F. Supp. 3d at 944.

**ii. Plaintiffs' searches for tampons in a store that sells them were not "confidential" communications with a reasonable expectation of privacy.**

Plaintiffs also fail to state a claim against LOLA for recording a confidential communication under section 632(a) or aiding and abetting the same. Plaintiffs cannot meet their burden to establish something unique about their searches for tampons that justifies departing from the presumption that Internet communications do not have a reasonable expectation of privacy. *See In re Meta Pixel*, 647 F. Supp. 3d at 798–99;

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

*Greenley*, 684 F. Supp. 3d at 1052. Plaintiffs' sole allegation as to confidentiality is the alleged "highly personal and sensitive nature of" LOLA's business of selling personal hygiene, wellness, and related products. (Dkt. 1 ¶ 2.) But there is nothing "sensitive" or confidential about LOLA's products, which are sold at major retailers.[6]

Nor do Plaintiffs' searches for tampons reveal any kind of private health information that might counsel toward an objectively reasonable expectation of privacy. Searches for tampons are quite unlike searches for products that reveal a specific medical diagnosis or condition. *Cf. R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 893 (C.D. Cal. 2024) (diabetes kits or yeast infection treatments); *M.G. v. Therapymatch, Inc.*, No. 23-CV-04422-AMO, 2024 WL 4219992, at *5 (N.D. Cal. Sept. 16, 2024) (mental health conditions and providers).

The fact that a person searches for tampons, or even condoms or vibrators,[7] does not reveal any protected health information nor indicate any medical condition, like the search terms that were rejected as confidential communications in *Greenley*. *See Greenley*, 684 F. Supp. 3d at 1052–53; *see also Revitch*, 2019 WL 5485330, at *3 (reaching the same conclusion for searches for clothing items on a retail website). At most, such searches indicate that the searcher *might* be female (though that is certainly not a given). Thus, Plaintiffs have not met their burden to plead something unique about

---

[6] *About Us*, LOLA, https://mylola.com/pages/about (last visited Oct. 21, 2025).

[7] Neither Plaintiff searched for condoms or vibrators. (*Compare* Dkt. 1 ¶ 3, *with id.* ¶¶ 8, 12.)

their searches for tampons at an online retailer that sells them that would establish a reasonable expectation of privacy in those searches.

Plaintiffs' lack of a reasonable expectation of privacy in their product searches similarly dooms any claim that LOLA aided and abetted Google in recording confidential communications, as does Plaintiffs' failure to state *any* facts indicating that LOLA (1) knew that Google's alleged conduct violated the statute and (2) provided substantial assistance or encouragement despite that knowledge. *See YETI Coolers*, 754 F. Supp. 3d at 944.

* * * *

Because Plaintiffs fail to plead a cognizable cause of action against LOLA under section 632(a) this claim must be dismissed under Rule 12(b)(6).

## IV. CONCLUSION

Dismissal is warranted because Plaintiffs fail to state a claim on which relief can be granted against LOLA as to each asserted claim. LOLA requests dismissal of Plaintiffs' claims with prejudice and all such further relief, in law or in equity, to which it may be entitled.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

DATED: October 28, 2025

JACKSON WALKER LLP

By: */s/ John M. Jackson*
JOHN M. JACKSON
SHANNON M. WRIGHT

HAHN LOESER & PARKS LLP

By: */s/ Ian Pike*
MICHAEL J. GLEASON
IAN PIKE

Attorneys for Defendant, FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA

**CERTIFICATE OF CONFERENCE**

This motion is made following the conference of counsel that took place on October 21, 2025, at which counsel were unable to reach agreement.

*/s/ John M. Jackson*
John M. Jackson

**CERTIFICATE OF SERVICE**

On October 28, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court for the Southern District of California, thereby serving the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Shannon M. Wright*
Shannon M. Wright