Hahn Loeser & Parks LLP
MICHAEL J. GLEASON (SBN 279434)
IAN PIKE (SBN 329183)
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
mgleason@hahnlaw.com
ipike@hahnlaw.com

Jackson Walker LLP
JOHN M. JACKSON (Texas SBN 24002340)
(*admitted pro hac vice*)
SHANNON M. WRIGHT (Texas SBN 24131783)
(*admitted pro hac vice*)
2323 Ross Ave Suite 600
Dallas, Texas 75201
Tel: (214) 953-6000
Fax: (214) 953-5822
jjackson@jw.com
swright@jw.com

*Attorneys for Defendant FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA*

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA and GOOGLE LLC,<br><br>Defendants. | **Case No. 3:25-cv-02383-JES-VET**<br><br>**DEFENDANT FORUM HEALTH & PERSONAL CARE LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. James E. Simmons, Jr<br>Magistrate Judge: Hon. Valerie E. Torres<br><br>Courtroom: 4B<br>Hearing Date: February 25, 2026 at 10:00 am |

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## I. INTRODUCTION

This is not a wiretapping case. Plaintiffs' pleadings belie any assertions of interception *while in transit* by any defendant or recording or eavesdropping by Defendant Forum Health & Personal Care, LLC d/b/a LOLA ("LOLA"), much less any claim that a search for tampons at an online retailer is a "confidential communication." (*See generally* Dkt. 31-1.) Plaintiffs instead allege separate, sequential transmissions—the first of which *reaches* LOLA before some later alleged transmission to Defendant Google LLC ("Google"). (*Id.* at 12–13; *see* Dkt. 27 ¶ 31.) That isn't eavesdropping, and it isn't wiretapping. Because *no* response can change what Plaintiffs pleaded, Plaintiffs instead resort to irrelevant, and at times confusing, argument and case citations.[1]

For example, even though neither Plaintiff claims to have searched for (or used) contraceptives, (Dkt. 27 ¶¶ 8, 14.) Plaintiffs rely on *Griswold v. Connecticut* as supporting a broad right to privacy in "the use of contraceptives." Even if Plaintiffs had alleged searching for contraceptives (they did not), Plaintiffs mischaracterize *Griswold*, which struck down a state law banning contraceptive use because it improperly invaded the right of *marital* privacy. 381 U.S. 479, 485–86 (1965). Plaintiffs do not argue that tampon use has any connection to marital privacy (it does not) or that LOLA learned their marital status through a search for tampons (it did not). *Griswold* is not this case.

Plaintiffs' reliance on *Carpenter v. United States* is also unavailing. *Carpenter* narrowly found invasion of a person's "reasonable expectation of privacy in the whole of his physical movements" through the government's access to a person's cell-site location information over a period of 127 days. 585 U.S. 296, 311–13 (2018). LOLA is a private business, not the government. Neither Plaintiff argues that LOLA learned their

[1] Plaintiffs repeatedly discuss contraceptives or vibrators despite failing to allege that either Plaintiff alleges searched for or purchased those products. (Dkt. 37 at 8–9.) And Plaintiffs claim they alleged that LOLA "enabled Google" to collect "data that *personally identified* them," though the FAC *never* makes that factual connection, and the sources it cites contradict that conclusion. (*Id.* at 10; *see* Dkt. 31 at 8 & nn.4–6.)

physical movements (it did not). Nor do they allege that LOLA learned their familial, religious, or sexual associations through product searches for tampons (it did not). Asking the shopkeeper where to find tampons is not the same as the government following your cell phone for 127 days. *Carpenter* is not this case.

Plaintiffs' tactics fail. A thorough investigation of the caselaw and First Amended Complaint ("FAC") (Dkt. 27) reveals that Plaintiffs still fail to state cognizable claims against LOLA, even after amending in response to Defendants' earlier motions to dismiss. Plaintiffs' claims should be dismissed with prejudice, without leave to amend.

## II. DISMISSAL IS WARRANTED UNDER RULE 12(B)(6).

### A. Plaintiffs' section 631 claim should be dismissed.

Plaintiffs admit that they do not assert any claims under Clause 1 of California Penal Code section 631(a). (Dkt. 37 at 15.) Instead, they solely allege claims under Clause 2 and 3 against Google and Clause 4 against LOLA. (*Id.*) But despite Plaintiffs' efforts to distract from (or shore up) their insufficient pleadings, neither defendant's alleged actions violate any clause of section 631(a). These claims should be dismissed.

#### i. Plaintiffs fail to state a claim under Clause 2.

Neither defendant could have violated Clause 2 because Plaintiffs have not alleged that Google intercepted and read (or attempted to read or learn the contents of) their communications "while . . . in transit." (Dkt. 31 at 6–7, 12–13.) LOLA's Motion explained how Plaintiffs allege this process works, with an initial transmission in the form of a GET request *sent to LOLA's server*, receipt of the GET request by LOLA, followed by a separate communication from Google's code *embedded on LOLA's server* back to Plaintiffs' browser, which then duplicates the GET request. (*Id.*)

Having boxed themselves in with their pleadings, Plaintiffs only response is that LOLA somehow "gets the chronology wrong" because, according to Plaintiffs, there are "hundreds or thousands" of other, later transmissions. (Dkt. 37 at 16 (emphasis omitted).) But regardless of whether there are other, later transmissions of the same information, there is no way Google could have "intercepted" Plaintiffs' search terms

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

while in transit to LOLA because the alleged initial transmission of those search terms goes *only* to LOLA. (*See* Dkt. 31-1 at 6–7, 12–13.); *see Barbour v. John Muir Health*, No. C22-01693, 2023 WL 2618967, at *4–5 (Cal. Super. Ct. Contra Costa Cnty. May 18, 2023) (similar allegations did *not* allege interception while in transit).

Plaintiffs' new argument about these numerous later transmissions is nowhere in their pleadings. In fact, it *contradicts* what Plaintiffs pled in both the original and FAC. (Dkt. 1 ¶ 33(describing Google as "collect[ing] the URL for the page" containing the user's search terms *after* the Website creates that URL); Dkt. 27 ¶¶ 30–32, 43 (describing the search as creating a GET request sent to LOLA's server, where Google's "embedded code" on LOLA's server then "sends secret instructions back to the individual's browser").) For that reason alone, these new, contradictory allegations should not be considered. *See Rosales v. Cnty. of San Diego*, 511 F. Supp. 3d 1070, 1097 (S.D. Cal. 2021) ("Generally, material beyond the pleadings may not be considered in deciding a motion to dismiss." (quoting *Covert v. San Diego*, No. 15CV2097, 2017 WL 1094020, at *5 (S.D. Cal. Mar. 23, 2017))).

But even if Plaintiffs' new argument is considered, it cannot save the FAC. For example, Plaintiffs argue that if one zooms in on FAC Figure 4, the picture says "16/834 requests" *and* that this means "there are at least 834 different transmissions that occur as the page is loading." (Dkt. 37 at 16–17.) But section 631(a) does not have a "page is still loading" temporal requirement. It was enacted in 1967, long before the advent of the commercial internet. Instead, section 631(a) narrowly focuses on interception that occurs *while* the communication (the search terms) is in transit to LOLA. *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) ("'While' is the key word here."); *Jones v. Tonal Sys., Inc.*, 751 F.Supp.3d 1025, 1036–37 (S.D. Cal. 2024) (Simmons, J.); *Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561, 2025 WL 2971090, at *5–6 (N.D. Cal. Oct. 17, 2025).

Even if it were permissible to rely on allegations in text so small that it is unreadable on the printed page, the FAC *does not say what Plaintiffs now claim*. Other

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

than the unreadable text in Figure 4, the FAC *never says anything* about hundreds of alleged transmissions, what those alleged transmissions are, from whom they originated, to whom they were sent, when they were sent, what information was allegedly contained therein, whether any of them included Plaintiffs' search terms, or *in what order* those alleged transmissions were sent. (*See generally* Dkt. 27.)

That last omission is critical. Under section 631, it *matters* whether Google allegedly received any communication "before or after it reaches the website," even if Google is "effectively engaging in the same conduct" either way. *Eating Recovery Ctr.*, 2025 WL 2971090, at *5. That is because "the only commonsense meaning of transit, at least in the context of this statute, is the transit from the person sending the communication to its intended recipient"—not any other "transit" *after* LOLA's receipt. *Id.* Once LOLA *receives* the search terms, which is what Plaintiffs allege happened first (Dkt. 27 ¶ 31), the search terms are no longer "in transit," regardless of whatever other, later communication may occur.[2] Plaintiffs' timing allegations are fatal to their claims.

Effectively admitting that they cannot state a claim for interception while in transit, Plaintiffs take a new position inconsistent with their pleadings and the caselaw. Instead of the "communication" being the search terms that Plaintiffs claim to have typed into LOLA's search bar, as alleged by the FAC (Dkt. 27 ¶¶ 46–47), Plaintiffs *now* claim that the "communication" began the moment they visited LOLA's site and includes the entire time they spent on the Website until they left. (Dkt. 37 at 17–18.)

Plaintiffs' goal is obvious—if the entire Website visit is the "communication," then the statute's "in transit" requirement becomes meaningless for internet use.

Plaintiffs' only citation for this extreme proposition is a case about a phone conversation, not a website visit. (*Id.* at 18.) But Plaintiffs' reliance on a telephone case

[2] This distinguishes Plaintiffs' claims from those in *Krzyzek v. OpenX Techs., Inc.*, where the plaintiffs alleged that a pixel first loaded onto their browsers *then* intercepted their subsequent communications with a variety of websites as they occurred. No. 25-CV-05588-SI, 2026 WL 206855, at *7 (N.D. Cal. Jan. 27, 2026).

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

illustrates why CIPA is "virtually impossible to apply . . . to the online world." *Doe*, 2025 WL 2971090, at *7. In the online world, "basic identification and address information"—the kind of back-and-forth communication between browser and website that makes the internet possible—"does not constitute the contents of a communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1109 (9th Cir. 2014) (addressing similar claims under the ECPA); *In re Google RTB Consumer Priv. Litig.*, 606 F. Supp. 3d 935, 949 (N.D. Cal. 2022) (meaning of "contents" under ECPA the same as under CIPA); *see also Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1130 (S.D. Cal. 2023) (dismissing CIPA claims based on record information).

So it is *impossible* for the entirety of Plaintiffs' visit to the Website to make up their "communication" because there are no "contents" to the basic back-and-forth exchanges between their browsers and the Website before (or after) they allegedly entered search terms in the search bar. No court has disregarded the statute's "in transit" requirement in this way; the Court should decline to do so here.

Plaintiffs spill much ink addressing Google's other arguments. (*See* Dkt. 37 at 18–26.) But they miss the key point. Given two opportunities, Plaintiffs have not plausibly alleged that Google "intercepted" their search terms *while in transit*. *See Valenzuela*, 674 F. Supp. 3d at 758; *Eating Recovery Ctr.*, 2025 WL 2971090, at *5–6; *Crano v. Sojern, Inc.*, No. 3:25-CV-02600, 2025 WL 2689267, at *7 (N.D. Cal. Sept. 19, 2025) (dismissing claims that similarly alleged re-direction after receipt); *Torres v. Prudential Fin., Inc.*, No. 22-CV-07465, 2025 WL 1135088, at *5–7 (N.D. Cal. Apr. 17, 2025); *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019); *Barbour*, 2023 WL 2618967, at *4–5. Transmission of those same terms to Google *after* transmission to LOLA (or Google capturing a URL created by LOLA after transmission) does not violate section 631(a) because these are separate transmissions. *See Eating Recovery Ctr.*, 2025 WL 2971090, at *5.

Plaintiffs admit that this reading of the statute is "supported by the rule of lenity." (Dkt. 37 at 25.) That rule is particularly relevant here because Plaintiffs seek to hold

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

LOLA and Google liable under a criminal statute. *See Eating Recovery Ctr.*, 2025 WL 2971090, at *1 ("When courts are called upon to interpret ambiguous criminal statutes in California, the rule of lenity applies—even when the statute is being invoked in a civil action."). The rule of lenity requires courts to strictly construe criminal statutes. *Id.* at *6. Thus, any ambiguity in the meaning of "while in transit" should be construed in favor of a strict interpretation of that statutory language—not an expansion to include additional, sequential transmissions occurring near-in-time but not *at the same time*, as the statute's language requires. Here, Plaintiffs have not alleged any interception *while* in transit—merely subsequent transmissions *after* LOLA received Plaintiffs' search terms. Even taking Plaintiffs' pleadings as true, this does not violate section 631(a).

Because Plaintiffs fail to allege a plausible claim under Clause 2, they also fail to allege a plausible claim against LOLA for aiding Google under Clause 4.

**ii. Clause 3 necessarily fails without a valid Clause 2 claim.**

Plaintiffs admit that to state a claim under Clause 3, they must state a claim under Clause 2. (*See* Dkt. 37 at 26.) Because Plaintiffs failed to do so, Plaintiffs also failed to allege a plausible claim against LOLA for aiding Google in violating clause 3.

**iii. Plaintiffs' Clause 4 claim fails to plead the requisite knowledge.**

Even if Plaintiffs could overcome these hurdles, their section 631(a) claim against LOLA is fatally flawed for another reason. Section 631(a) includes a knowledge requirement to impose liability under clause 4: the defendant must know that the conduct violates the statute. *See Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942–43 (N.D. Cal. 2024). Plaintiffs claim that there is no such knowledge requirement—i.e., that a defendant could unwittingly aid a violation of section 631(a) merely by allowing a vendor to install tracking software without knowing that the vendor's specific implementation violates section 631(a). (*See* Dkt. 37 at 28.) Plaintiffs further claim that "[m]ore recent cases" follow this more expansive approach. (*Id.*) But many recent cases recognize that a defendant's knowledge of unlawful purpose is *essential* to imposing liability under clause 4. *E.g.*, *Balestrieri v. SportsEdTV, Inc.*, No. 25-CV-04046, 2025

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

WL 2776356, at *11 (N.D. Cal. Sept. 16, 2025); *Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709, 2025 WL 1085169, at *4 (N.D. Cal. Apr. 4, 2025); *M.H. v. Done Glob. Inc.*, No. 24-CV-03040, 2025 WL 629613, at *2 (N.D. Cal. Feb. 26, 2025).

As one court explained, Plaintiffs' reading would yield the irrational result "that a defendant who permitted a third party to place cookies and track information **only** for consenting consumers might be held liable if a third party, without the defendant's knowledge, also placed such cookies and tracked information for unwilling consumers." *Walsh v. Dollar Tree Stores, Inc.*, No. 25-CV-01601, 2025 WL 2939229, at *17 (N.D. Cal. Oct. 16, 2025). The rule of lenity (and common sense) counsel against such an expansive approach to imposing liability under a criminal statute.

Finally, Plaintiffs speculate that LOLA *must have* known that Google's conduct violated the statute because "Google Analytics is a marketing service." (Dkt. 37 at 29 (emphasis omitted).) But Plaintiffs' sole factual allegation in the FAC on this topic is that LOLA installed Google Analytics "to help [LOLA] with its market, advertising, and data analytics efforts." (Dkt. 27 ¶ 3.) Even if that were true, that type of conduct would *not* violate section 631(a). *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123 (S.D. Cal. 2023) ("This Court agrees with those decisions holding that a website owner that engages a vendor to record website-based communications for the website owner's own purposes is not thereby aiding and abetting eavesdropping by a third party in violation of Section 631(a)." (collecting cases)). The decision in *Rack Room Shoes* is inapposite because there the plaintiff pleaded that the defendant had actual notice of the vendor's purposes to use website-based communications to improve the vendor's services. 2025 WL 1085169, at *5. There are no such allegations here.

### B. <u>Plaintiffs' section 632 claim also should be dismissed.</u>

Plaintiffs concede that LOLA cannot be held liable for eavesdropping under section 632. (Dkt. 37 at 33.) And Plaintiffs did *not* allege LOLA recorded their communications. Plaintiffs now claim they did, misleadingly excerpting FAC paragraph 83. (Dkt. 37 at 33.) But what the FAC says is: "Nor have Plaintiffs and Class

Members consented to Lola's intentional use of an electronic amplifying or record device to eavesdrop upon and record the confidential communications of Plaintiffs and Class Members." (Dkt. 27 ¶ 83.)

At best, that is the kind of "bare assertion[] . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'" that cannot survive a motion to dismiss. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (second and third alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). LOLA read Plaintiffs' claims very closely. Nowhere did Plaintiffs allege any facts that *LOLA* recorded their communications—just a single recitation of an element that Plaintiffs did not consent to LOLA using a recording device. (Dkt. 27 ¶ 83.) That bare-bones recitation is not the same as alleging facts to support a plausible claim for relief that LOLA used such a device; it does not meet the Rule 12(b)(6) standard.

That leaves Plaintiffs' claims that LOLA allegedly aided and abetted Google in eavesdropping on or recording confidential communications. Plaintiffs also fail to state a plausible claim for relief as to these claims. Under section 632(a), only *confidential* communications are protected. *See* Cal. Penal Code § 632(a). A communication is confidential only "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." (Dkt. 31-1 at 15 (quoting *Flanagan v. Flanagan*, 41 P.3d 575, 582 (Cal. 2002)).)

Plaintiffs' caselaw about improper *government* regulations preventing the purchase of contraceptives is readily distinguishable. (Dkt. 37 at 11.) *Griswold*, *supra*, considered whether the government could bar married couples from purchasing contraception—not whether there was an expectation of privacy in searching for tampons in a store. *See Griswold*, 381 U.S. at 486. *Eisenstadt* addressed a similar law barring single persons from purchasing contraceptives. *See Eisenstadt v. Baird*, 405 U.S. 438, 453 (1973). Neither case addresses tampons at all, and tampons are not contraceptives. Both cases are about unwanted *government* intrusion—not an issue here. *See Griswold*, 381 U.S. at 486; *Eisenstadt*, 405 U.S. at 453.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Simply put, there is no authority to support the proposition that it is an objectively reasonable expectation that when you search for "organic tampons" at a store, the words "organic tampons" will be confidential. While Plaintiffs speculate that "a motivating reason" for buying tampons from LOLA is potential "embarrass[ment]" of putting tampons in a shopping cart,[3] that is not the same as an *objectively* reasonable expectation of privacy. (*See* Dkt. 37 at 9, 12; Dkt. 31-1 at 15–16.). Plaintiffs speculate that they could have had a reasonable expectation of privacy "if a website's 'privacy policy . . . can be read to promise that third parties would not intercept' such browsing." (Dkt. 37 at 13 (quoting *Rack Room*, 2025 WL 1085169, at *5).) But Plaintiffs haven't alleged any facts about what LOLA's privacy policy says (or doesn't). (*See generally* Dkt. 27.) Plaintiffs' rank speculation about LOLA's privacy policy should be ignored.

"California courts have generally applied 'a presumption that Internet communications do not reasonably give rise to' an objectively reasonable expectation that the conversation is not being overheard or recorded." (Dkt. 31-1 at 16 (quoting *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1052 (S.D. Cal. 2023)).) As here, the *Greenley* court rejected any inference of a reasonable expectation of privacy in "'search terms' and other communications" related to the plaintiff's "personal characteristics, mode of living, purchase decisions, personal choices, app selections, spending habits, and click choices, among others." (*Id.* (quoting *Greenley*, 684 F. Supp. 3d at 1052–53).)

Plaintiffs reject this on-point case from this District, claiming no such presumption exists and that purchase decisions or product preferences are confidential because they "may reveal, for instance, a consumer's religious affiliation, sexual orientation, medical condition." (Dkt. 37 at 37.) But that quotation (1) is from the plaintiffs' argument in *Atkins* not the court's holding; (2) addresses whether disclosure alleges a concrete harm, not whether search terms are confidential under section 632; and (3) plainly does not reach an innocuous product search that does not reveal a

[3] Humans did just that for decades prior to the invention of the internet and still do.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

customer's religious affiliation, sexual orientation, or medical condition.[4] *See Atkins v. Amplitude, Inc.*, No. 24-CV-04913, 2025 WL 2521732, at *2 (N.D. Cal. Sept. 2, 2025).

Finally, Plaintiffs claim that LOLA is liable for Google's alleged violations of section 632 "under a derivative liability theory." (Dkt. 37 at 33 (citing Cal. Penal Code § 31.).) Plaintiffs do not challenge that aiding and abetting requires either knowledge of improper purpose coupled with substantial assistance or encouragement, or substantial assistance and independent breach of duty. *See YETI Coolers*, 754 F. Supp. 3d at 944.

Plaintiffs claim that their pleadings are sufficient because they alleged that LOLA purposefully installed Google Analytics to provide advertising services to LOLA. (*See* Dkt. 37 at 34.) But this says nothing of whether LOLA knew that Google allegedly had an improper purpose. Plaintiffs now claim LOLA "knew Google's software had the capability of recording communications"—but capability to violate a statute is not the same as conduct that violates a statute. (*Id.*) Plaintiffs still have not stated any facts indicating that LOLA (1) knew that Google's alleged conduct violated the statute and (2) provided substantial assistance or encouragement anyway. *See YETI Coolers*, 754 F. Supp. 3d at 944. Plaintiffs' section 632 claim against LOLA should be dismissed.

## III. CONCLUSION

Plaintiffs' claims should be dismissed with prejudice and without leave to amend.[5] This is not wiretapping, and "courts should not contort themselves to fit the type of conduct alleged in this case into the language of a 1967 criminal statute about wiretapping." *Eating Recovery Ctr.*, 2025 WL 2971090, at *7.

---

[4] Having a period is "a biologically universal fact" for more than half the residents of this planet for decades of their lives, not a medical condition. (Dkt. 37 at 9.)

[5] Dismissal without leave to amend is appropriate where, as here, plaintiffs have *already* amended their pleadings and failed to cure deficiencies. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). And plaintiffs must show what would be alleged in an amended pleading. *E.g.*, *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 209 (9th Cir. 1950). Plaintiffs made no such showing.

DATED: February 17, 2026

JACKSON WALKER LLP

By: */s/ John M. Jackson*
JOHN M. JACKSON
SHANNON M. WRIGHT

HAHN LOESER & PARKS LLP

By: */s/ Ian Pike*
MICHAEL J. GLEASON
IAN PIKE

Attorneys for Defendant, FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA

## CERTIFICATE OF SERVICE

On February 17, 2026, I filed the foregoing document with the clerk of court for the U.S. District Court for the Southern District of California, thereby serving the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Shannon M. Wright*
Shannon M. Wright

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301