COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
JULIA M. IRWIN (352861)
(JIrwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
AMANDA JEREIGE (324644)
(ajereige@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550-6420

Attorneys for Defendant
Google LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JANE DOE 1 and JANE DOE 2, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FORUM HEALTH & PERSONAL CARE LLC, d/b/a LOLA and GOOGLE LLC,

Defendant.

Case No. 3:25-cv-02383-JES-VET

**DEFENDANT GOOGLE LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Date: March 11, 2026
Time: 2:30 p.m.
Crtrm: 4B
Judge: Hon. James E. Simmons, Jr.

Complaint Filed: Sept. 12, 2025

Defendant Google LLC ("Google" or "Defendant") respectfully submits this Notice of Supplemental Authority in support of Google's Motion to Dismiss the First Amended Complaint (Dkt. 32).

On February 23, 2026, the Honorable Anthony J. Battaglia of the Southern District of California dismissed a complaint brought against defendant Dotdash Meredith, Inc. ("Dotdash"), in connection with Dotdash's alleged use of Google Analytics to intercept, record, and disclose sensitive user data, including users' health related searches, to third parties without users' consent. *See Maghoney v. Dotdash Meredith, Inc.*, No. 24-CV-2394-AJB-BJW, 2026 WL 497402 (S.D. Cal. Feb. 23, 2026), attached hereto as **Exhibit A**. The Complaint asserted claims for, *inter alia*, violation of Cal. Pen. Code § 631. Applying *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025), Judge Battaglia granted Dotdash's motion to dismiss in its entirety under Rule 12(b)(1) for lack of Article III standing, holding that (i) searches for "sensitive health related terms"—untethered to personally identifying information—do not implicate a legally protected privacy interest; (ii) alleged risks of future harm and conclusory emotional-distress claims are insufficiently concrete; and (iii) generalized allegations of "informational injury" "do[] not have a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at *5–*7 (internal citation and quotation marks omitted). The court emphasized that "Dotdash's website is not a medical portal . . . [a]nd nothing about Plaintiff's searches indicates those searches were tied to his personal medical history." *Id.* at *5. Accordingly, "Plaintiff's conclusory allegations of harm are far from the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* at *5 (citation omitted). Because the court found no concrete injury, it did not reach Rule 12(b)(6).

Dated: March 3, 2026

**COOLEY LLP**

By: */s/ Simona Agnolucci*
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
JULIA M. IRWIN (352861)
(JIrwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

AMANDA JEREIGE (324644)
(ajereige@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550-6420

*Attorneys for Defendant Google LLC*